**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, *et al.*,<br><br>Defendants. | No. CV-15-00448-PHX-JJT<br><br>**ORDER** |
| Salt River Project Agricultural Improvement and Power District, *et al.*,<br><br>Counter-Claimants/<br>Cross-Claimants,<br><br>v.<br><br>Roosevelt Irrigation District,<br><br>Counter-Defendant.<br><br>and<br><br>United States of America; Department, *et al.*<br><br>Cross-Defendants. | |

At issue are Defendants and Counterclaimants Salt River Project Agricultural Improvement and Power District ("the District) and Salt River Valley Water Users' Association's ("the Association") (collectively "SRP") Motion for Partial Summary Judgment (Doc. 312, SRP MSJ), to which Plaintiff and Counterdefendant Roosevelt Irrigation District ("RID") filed a Response (Doc. 324, RID Resp.) and SRP filed a Reply

(Doc. 334, SRP Reply); and RID's Motion for Partial Summary Judgment (Doc. 314, RID MSJ), to which SRP filed a Response (Doc. 323, SRP Resp.) and RID filed a Reply (Doc. 332, RID Reply). In this Order, the Court will address Count VI of SRP's counterclaim, which is the only issue that remains unresolved in the above Motions.

The Court resolved the bulk of each party's Motion for Partial Summary Judgment in a September 24, 2018 Order (Doc. 349, Sept. 24 Order). The only count still pending is SRP's Count VI, which claims that SRP's "Articles of Incorporation prohibit RID from continuing to withdraw water from [SRP] member lands and transport that water outside the [Salt River Reservoir District ("SRRD")]." (SRP MSJ at 16.) This argument relies on a 1965 amendment to the Articles of Incorporation which states that

> Except for lawful exchanges, the waters of this Association, including the ground waters within the exterior boundaries of the [SRRD], shall never be sold, disposed of, distributed, or delivered for use on lands not now receiving or lawfully entitled to receive water from or through the works and facilities of the Salt River Project.

(SRP MSJ at 17 (citing Doc. 313 at 3).)

Under SRP's line of reasoning, if RID is subject to SRP's Articles of Incorporation, it is prohibited from continuing to use the pumping plants to pump water to areas outside of the SRRD. However, both parties acknowledge that RID is only subject to the Articles of Incorporation if it is an SRP shareholder. And both parties acknowledge that RID can be a shareholder only if it owns the pumping plants at issue. SRP continues to contest RID's ownership but argues that "[i]f and to the extent that RID is correct that it holds an interest in the well sites located within the SRRD, RID is a[n] [SRP] for purposes of those well sites." (SRP Mot. at 17.) Thus, Count VI is predicated—at least in part—on the question of whether RID owns the pumping plants.

This very question was at issue in the related -439 action, in which RID filed a complaint against the United States, seeking to quiet its title to the disputed pumping plants. *See Roosevelt Irrigation District v. United States*, 15-CV-00439-PHX-JJT. The Court deferred ruling on Count VI of SRP's Counterclaim in the September 24 Order in the instant case because "the Court's ruling on Count VI of the Counterclaim will be informed,

and potentially obviated, by its forthcoming ruling on the pending dispositive motions in the Quiet Title Action." (Sept. 24 Order at 16.) Recently, the Court granted the United States' Motion to Dismiss RID's Complaint in the -439 action, finding RID's claim time barred under the Quiet Title Act's 12-year statute of limitations. 15-CV-00439-PHX-JJT (Doc. 256.)

As the Court explained in its recent Order, dismissing RID's quiet title action does not adjudicate that dispute on the merits. Rather, all that the Court determined was

> that RID cannot succeed in quieting its title against the competing interest of the United States. As explained in *Block*, [']dismissal pursuant to § 2409a(f)[1] does not quiet title to the property in the United States. The title dispute remains unresolved. Nothing prevents the claimant from continuing to assert his title, in hope of inducing the United States to file its own quiet title suit, in which the matter would finally be put to rest on the merits.[']

(Sept. 24 Order (quoting *Block v. North Dakota*, 461 U.S. 273, 291–92 (1983)).)

Thus, the Court's recent Order in the -439 matter did not assist the Court in advancing the instant action. SRP's Count VI argues that if RID owns fee title in the pumping plants (which SRP disputes), then RID is an SRP shareholder. (SRP MSJ at 16; SRP Resp. at 17.) In support of this corollary, SRP cites the affidavit of an SRP employee who testified that "[t]he lands on which the wells operated by RID within the SRRD are located are [SRP] member lands and are subject to [SRP] stock subscriptions." (Doc. 320-4 at 2.) SRP also supports its proposition with an excerpt from Article V of its own Articles of Incorporation, which states that

> [t]hose and those only who are owners of lands, or occupants of lands . . . within the territory described in Article IV . . . shall be the holders or owners of shares of the capital stock of this Association. For each acre of such lands shareholders may become the owner of one share of stock of this Association and no more.

(Doc. 315 Ex. 1 at 6.)

But even if the Court accepts SRP's premise—that if RID owns the pumping plants, then it is an SRP shareholder—SRP offers no evidence to prove that RID owns the pumping plants to begin with. Indeed, RID argues that SRP's bare allegations of fact are not

---

[1] As amended, § 2409a(g).

sufficient to establish that RID is an SRP shareholder. (RID Resp. at 15–16) ("[SRP's] statements are pure legal conclusions that mirror the language from the Motion almost identically and cite only to . . . the affidavit from SRP's employee again regurgitating the identical legal conclusions."). While RID does not dispute that, under the meaning of SRP's Articles of Incorporation, those who own property within the Salt River Project may be SRP shareholders, RID argues that—despite its alleged fee title to the pumping plants—it never became a shareholder. (RID MSJ at 13.) RID claims that it has "never been issued any shares," that it "has never paid any shareholder assessments," and such nonpayment "has never resulted in liens being placed on any of the Eastside wells." (RID MSJ at 13.) Ultimately, RID contends that the Court cannot grant SRP summary judgment on the issue because "SRP has failed to provide any evidence in support of its claims that RID is a shareholder." (RID MSJ at 13.)

RID is correct that, without evidence of RID's shares or at least its ownership of the pumping plants, there remains a genuine dispute of material fact. As such, the Court cannot conclude as a matter of law that RID is an SRP shareholder.[2] Yet the Court hardly expects SRP to produce such evidence, if it exists, as it would likely simultaneously prove RID's ownership interest, which SRP argues against.

Had the Court decided RID's quiet title claim in the -439 matter on the merits, this question may have been easier to resolve. If RID succeeded in establishing quiet title to the pumping plants, then SRP's Articles of Incorporation might have the persuasive force to help the Court determine that, as a landowner, RID must also be a shareholder. And conversely, if the United States succeeded in quieting title, SRP would not rely on this shareholder argument because RID's interest in the pumping plants would be nullified. But because the Court dismissed the quiet title action without deciding it on the merits, the

---

[2] Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Court finds itself in the same place it did on September 24, 2018, when it declined to rule on SRP's Count VI.

As there is a genuine dispute of material fact surrounding the question of RID's status as owner of the pumping plants and as a shareholder, the Court will not grant summary judgment on this Count. It must proceed to trial, along with the other counts on which the Court denied summary judgment in its September 24 Order and the claims on which no party sought summary judgment. The Court will set a pretrial status conference by separate Order.

**IT IS THEREFORE ORDERED** denying SRP's Motion for Partial Summary Judgment (Doc. 312) as to Count VI.

Dated this 12th day of June, 2019.

Honorable John J. Tuchi
United States District Judge